## McCLUNG'S EX'RS *vs.* SPOTSWOOD.

1. The question of agency is a matter of fact, which it is the province of the jury to decide upon, and if there is any evidence tending to prove the authority of the agent, it should be left to the jury to determine the sufficiency and weight of that evidence.

2. When authority is given to an agent to do a particular act, and the manner of executing that authority is not prescribed, the principal is bound by the act of the agent, although it may not be done in the manner in which he desired it to be done, or in which he would himself have done it.

3. When a testator devises all his estate, both real and personal, to his wife during her life or widowhood, and at her death or on her marriage to be equally divided among his children, and also directs his estate to be kept together during her life or widowhood, "for the support, maintenance and education of the family," a son who has continued to reside on the farm with his mother after the testator's death, is a competent witness for her, in an action brought by her to recover for board, washing, &c., furnished after the testator's death:

ERROR to the Circuit Court of Madison. Tried before the Hon. L. P. Walker.

THE facts which relate to the first point decided by the court, are set out at sufficient length in the opinion. The plaintiff on the trial below introduced her son, Edwin Spotswood, as a witness. The defendants objected to his competency, on the ground of his being interested in the recovery, and to show his interest, introduced the will of his father, Elliott Spotswood, by which the testator devised all his estate both real and personal, to his wife (the plaintiff below) during her life or widowhood, and at her death, or on her marriage, to be equally divided among his children, and also directed that his estate should be kept together, during the life or widowhood of his wife, "for the support, maintenance and education of the family." Defendants also proved that since the death of his father, said Edwin Spotswood had continued to reside on the farm with his mother. The court overruled the objection, and the defendants excepted.

COOPER, for the plaintiffs in error:

1. A witness may have an excluding interest, yet not be a

party, nor one against whom the record could be read.—Roberts v. Trawick, 13 Ala. 83; Bean v. Pearsall, 12 ib. 592; 1 Greenl. on Ev. 416, and cases there cited. The witness could not have made himself competent, even by releasing all his interest in his father's estate.—Maury's Adm'r v. Mason's Adm'r, 8 Por. 211; Williams' Ex'rs v. Temple's Ex'rs, 6 Ala. 656; Powell v. Powell, 7 ib. 584; Sims v. Scott, 2 ib. 58.

2. The letter, marked C, should have gone to the jury, and it should have been left to them to determine the question of the daughter's agency. This agency did not depend on the construction of any writing, but on parol proof, and therefore the court erred in drawing to itself the question of the agency.—See Ely v. Adams, 19 Johns. 312. There the question was on the ambiguity of a letter, which was to be explained by the aid of parol proof, and it was held to be the province of the jury to dispose of it—see also, Bradford v. Bush, 10 Ala. 386.

In the case at bar the question is, did the plaintiff authorize her daughter to write the letter C, and this was a question for the jury, not for the court.

Agency may be inferred from facts, as a power to sell is a power to warrant.—10 Ala. 386; 13 ib. 286; 9 Por. 305; 1 Ala. 446; 4 ib. 720. In the case last cited, the plaintiff in a writ of error bond took his sureties with him, and went to the clerk to give the bond, but being pressed for time, he said, "Let us sign a blank bond, and you can then fill it up." The bond was signed in blank, and filled up by the clerk. It was ruled that the silent assent of the sureties authorized the clerk to fill up the bond.—See also, 1 Stew. 517; 13 Ala. 382; 3 ib. 564; 8 Barr, 501.

Again, Mrs. Spotswood was bound to know what her daughter, who was her agent, had written.—3 Barb. Sup. R. 529. Her daughter was a special agent, but had general power as to what she would write, as no detailed instructions were given to her; and to avoid plaintiff's responsibility for the letter, it would be necessary for her to show that McClung had knowledge of the restrictions on her agent's authority, if any had existed.—Routt v. Bank of Miss., 12 S. & M. 166; Lobdell v. Baker, 1 Met. 193; Story on Ag., § 137 and 73; Story on Con., § 287 and 135; 7 Wend. 446.

Special power to do a particular act, is the same as a general power to do all acts of a certain business, and private instruc-

tions do not affect third persons not cognizable thereof.—Story on Ag., § 73.

C. C. & J. W. CLAY, for the defendant:

1. Edwin Spotswood was a competent witness.

A disqualifying interest must be some legal, certain, and immediate interest in the event of the suit, or in the record as an instrument of evidence.—1 Greenl. Ev., § 386; 1 Stark. Ev. p. 102. It must be a present, certain, and vested interest, and not uncertain, remote or contingent.—1 Greenl. Ev., § 390; 1 Stark. Ev. p. 103-4.

When the interest of a residuary legatee is very remote, it will not render him incompetent, but go to his credit.—2 Dallas' R. 95—see also, Carver v. Pearce, 1 Term R. 94; Duel v. Fish, 4 Denio, 516. The witness was competent, tried by every test laid down in the above authorities. The residuum, in which he is interested, is in no manner affected. He can acquire no legal right, incur no legal liability, receive no certain and immediate benefit, increase or diminish no fund in which he is interested, nor discharge himself from any liability, by the event of this suit. If plaintiff recovers, he will not thereby acquire any present, certain and vested interest in the amount recovered. If she is defeated, she alone will be personally liable for the costs. They cannot, by any possibility, be recovered from the residuary estate.

2. The letter was properly excluded from the jury.

I. The letter was not written by Mrs. S. She denies that she wrote it, and there is no evidence tending to prove that she did. But it is contended, that she authorized her daughter to write. This is very doubtful, since she has but a faint recollection of having told some one (whom she does not recollect) to write to McClung; while her daughter's recollection is, that when she offered to write, the defendant in error was silent. What she says on information from her daughter is legitimate evidence, as it was drawn out by the interrogatory of plaintiffs in error, and there is no evidence that it was objected to. The daughter says too, that what she wrote was written of her own will and accord and without instructions from her mother, and that her mother did not see the letter or assent to it afterwards. She is partially sustained by Edwin D. Spotswood. The plaintiffs in error have

adduced no evidence conflicting with this, and cannot be heard to say that the letter was, either directly or indirectly, her act. And having failed to connect her with the letter by other evidence, it was not proper for the consideration of the jury.

II. But, if we admit that the authority was given to write, from any fair construction of the circumstances surrounding her at the time, it is evident that the proper subject of the letter was the sickness of the girl, and not the board of the children. The general authority to write did not confer on the daughter a discretion to write about what she pleased. Nor, if authority was given to write about board, did it confer a discretion to write what she pleased. The law implies that authority to an agent carries with it or includes in it, as an incident, all the powers necessary, or proper, or usual as means to effectuate the purpose for which it was created.—Story on Ag., § 97. It was neither necessary nor proper for the daughter to write what she did, and it varies from the usual conduct of the defendant in error in regard to the board of the children. The agent exceeded the authority of the principal, and the latter is not bound by it.

III. Even if we were to admit that the letter was written by the defendant in error, and give it its full legal effect as her act, it would amount to nothing more than a simple declaration, which would not discharge plaintiffs in error from an existing legal obligation. The jury have decided from the other evidence in the case, that a legal obligation of the plaintiffs in error to pay board does exist; a legal right to the board having accrued to defendant in error, the letter (even if we go so far beyond the facts disclosed as to regard it her act) cannot impair that right. If the court below had (erroneously as we believe) sent the letter to the jury, it would have been bound to charge that the letter was perfectly consistent with the right of Mrs. S. to demand board, and that it in no wise impaired that right, and could not control or affect their verdict. In this view, if the court erred at all, it is an error without injury, for which this court will not reverse. McMillan v. Wallace, 3 Stew. 185. But it is evident from the proof that the letter was not the act, directly or indirectly, of defendant in error, and was properly excluded.

DARGAN, C. J.—This was an action of assumpsit brought by the plaintiff in error for the board of two of the infant chil-

McClung's Ex'rs v. Spotswood.

dren of the defendant's testator. After the plaintiff had intro-
duced proof in support of her account, the defendants read
in evidence a letter written by the testator to the plaintiff, in
which he expressed his surprise at her demand for board, and
stated that he was not able to pay the expenses of boarding his
children, as he had plenty of house room for them at home,
and if she felt it was her duty to charge for their board, he
must take them home where they could be attended to without
any extra expense. The letter then concludes thus: "That
there may be no misunderstanding, I will state that I never un-
derstood that there was to be any charge for board. I therefore
decline paying it, either for the past or the future, and if they
are expensive to you, you can either send them home or I can
send for them. Judy was retained as a nurse; as she is no
longer needed in that capacity, you will please send her home."
In reply, the testator received a letter purporting to be signed by
the plaintiff, which is in the following language: "I am sorry
that I wrote to you for the board of the children, but thought it
was nothing but right for me to do so. You can do as you please
about it, pay or not pay. I will never give the children up
until I am obliged to do so. I will keep them and share the last
cent I have with them. As for Judy, the children need as much
nursing now as when they were younger. If you wish her to
come home, I will send her, and I will have to have some one
else to attend them. She is not well enough to go in this morn-
ing." It appeared that this letter was written by a daughter
of the plaintiff, and its contents were not known to her, but the
evidence conduced to show that upon the receipt of the letter of
the testator, the plaintiff being engaged in waiting on the girl
Judy, who was sick, requested, or authorized her daughter to
answer it, but did not direct the character of the answer, nor
give her any instructions what to write. This letter upon the
motion of the plaintiff was excluded from the jury, and the de-
fendants excepted. Without inquiring at this time into the ef-
fect that this letter would or should have had upon the minds of
the jury in rendering their verdict, we will examine only the
question of its admissibility as evidence. It is certainly true
that the acts of an agent are not binding on the principal until
it be shown that he was authorized by his principal to do the
acts, or unless the principal has assented to, or ratified them,

12

after they were done. But in most cases, if not in all, the question of agency is a matter of fact, which it is the province of a jury to determine upon under the instructions of the court, and if the testimony tends to prove that the person acting as agent had authority from his principal to do the act, then it is manifest that the court cannot exclude from the jury the act itself, without overstepping the law of its duty and assuming to determine a matter which belongs to the jury, to-wit, the authority of the agent to do the act. The correct rule is this, if there is no proof whatever tending to prove the agency, the act may be excluded from the jury by the court, but if there is any evidence tending to prove the authority of the agent, then the act cannot be excluded from them, for they are the judges of the sufficiency and weight of the testimony. Applying this rule to the action of the court in excluding the letter purporting to be written by the plaintiff to the defendant's testator, we are constrained to hold that the court erred, for there can be no question but that there was evidence conducing to show that the letter was written by the plaintiff's authority, and it was for the jury and not for the court to determine on the sufficiency of this evidence. But we apprehend that the reason which influenced the court in rejecting the latter was, that it did not appear that the plaintiff dictated the terms of the letter or knew its contents. But the question whether the letter was written in conformity with the authority given to write it,.was also in this case a question of fact for the jury. Indeed, in most cases where the authority is given by parol, the question whether the agent has exceeded his authority is a question of fact to be decided by the jury under the instructions of the court.—See McMorris v. Simpson, 21 Wend. 610. But independent of this view, I am clearly of the opinion that if the plaintiff's daughter was authorized to answer the letter of testator, but was not instructed as to the character of the answer to be given, and in consequence of the answer received the defendant's testator forebore to act or to take his children home, then the plaintiff is as much bound by the letter as if she had expressly dictated its terms; for if a principal clothes his agent with authority calculated to induce others to believe that the agent has full powers to act, the principal must be bound thereby, otherwise third persons acting in good faith might be injured.—See Wilcox v. Routh, 9 S. & M.

476. Indeed, if the authority is general, and the agent is limited by secret instructions as to the mode of executing it, the party dealing with the agent cannot be bound by such secret instructions, unless he was apprized of them.—Story on Ag., § 73, and cases there cited. It will follow conclusively from this, that if the authority to do the act is given, but the mode or manner of executing the authority is not expressed even to the agent himself, the party dealing with him is not to be affected if the act be within the scope of the authority, although it be not done in the manner that the principal desired, or would himself have done it. We therefore think, that if the plaintiff authorized her daughter to answer the letter of the defendant's testator, but did not prescribe the character of the answer, and the answer in fact influenced the testator and induced him not to take his children home, the plaintiff must be held as much bound by the answer as if she herself had written it.

In no point of view can the ruling of the court be sustained in rejecting the letter as evidence, and for this error the judgment must be reversed.

We cannot see that the son of the plaintiff had any interest in the money that might be recovered in this action, and therefore hold that there was no error in admitting his evidence.

Let the judgment be reversed and the cause remanded.

PARSONS, J., not sitting.