# RAISLER *vs.* SPRINGER.

**[TRESPASS FOR INJURIES TO PERSONAL PROPERTY.]**

1. *Admissibility of agent's acts and declarations as evidence against principal.*—A person who employs an agent to seize the personal property of another without authority, is responsible to the injured party equally with the agent, although not actually present when the trespass was committed ; and the acts and declarations of the agent, in the performance of the unlawful service, are competent evidence against his principal.
2. *To what witness may testify.*—A witness may testify, that a seizure of property by an officer, without lawful authority, "was made in an offensive and insulting manner."

APPEAL from the Circuit Court of Madison.
Tried before the Hon. S. D. HALE.

THIS action was brought by Charles W. Raisler, against Josiah Springer, to recover damages "for the unlawful taking of the following goods and chattels, the property of the plaintiff, to-wit: one buggy, of the value of one hundred dollars, and four thousand feet of plank;" and was commenced on the 1st February, 1858. The record does not show what pleas were filed. On the trial, three several bills of exceptions were reserved, two by the plaintiff, and one by the defendant; and the plaintiff's second bill purports to set out all the evidence. The seizure of the property, which constituted the alleged trespass, was made by one Vest, a constable. The defendant was not present when the seizure was made; but the plaintiff proved his subsequent admissions "that he had told the constable to levy on the property." "To show malice and willful wrong on the part of the defendant, the plaintiff offered to prove, that the seizure of said property by Vest was made in an offensive and insulting manner. The court refused to admit this evidence, because it was the statement of an opinion by the witness, and not of facts showing how the act was done." This ruling of the court, to which the plaintiff reserved an exception, with other matters which require no particular notice, is now assigned as error.

J. W. SHEPHERD, for appellant.
JAMES ROBINSON, contra.

R. W. WALKER, J.—The appellant's bill of exceptions purports to set out all of the evidence, and presents the defendant in the attitude of a party who employs an agent to seize the property of another, without any authority for so doing. One who thus procures an illegal act to be done by another, is a co-trespasser with the party employed to perpetrate the wrong, and is equally responsible with him to the person injured, although not actually present when the trespass is committed; and the acts and declarations of the agent, in performing such unlawful service, are competent evidence against his principal. It is a familiar princi-

ple, applicable alike in civil and in criminal cases, that where several persons combine for the same illegal purpose, anything said or done by one of the confederates, in the prosecution of the common design, is, in legal contemplation, the act of all.—*Abney v. Kingsland,* 10 Ala. 361 ; *Johnson v. State,* 29 Ala. 62. It is upon this principle that, if two persons are guilty of a joint trespass, and one of them, in the commission of it, does acts which would authorize the jury to give exemplary damages against him, the other is liable to the same extent.—*Hair v. Little,* 28 Ala. 247 ; *Layman v. Hendrix,* 1 Ala. 212. The manner in which an act, constituting a trespass, is committed, whether offensive and insulting, or otherwise, is inseparably connected with, and forms, indeed, a part of the act itself ; and, upon the principles just laid down, it must be competent evidence against the party by whose direction the trespass is committed, as well as against the agent by whose hand the injury is actually inflicted.—See, further, *McClung's Executors v. Spotswood* 19 Ala. 165 ; *Nelson v. Cook,* 19 Ill. 440 ; *Parkerson v. Wightman,* 4 Strob. L. 363.

[2.] The court rejected the evidence, showing that the seizure of the property was made by Vest in "an offensive and insulting manner," on the ground that it was the statement of an opinion, or legal conclusion. In this, we think, the court erred. The manner in which an act is done—whether rude and offensive, or kind and pleasant—is a matter of fact, open to the observation of the senses, to which a witness may legally testify. In *Carroll v. State,* 23 Ala. 28, the statement of a witness that, in replying to a certain question, the prisoner's "manner was short," was held to be admissible.

As the defendant has made no cross assignment of errors, the questions raised by the bill of exceptions taken by him on the trial are not now before us. Whether the judgment and execution referred to in that bill of exceptions are competent evidence for the defendant; and, if so, whether, in case of the introduction of both, or either of them, in evidence, the rule which makes the act and decla-

45

rations of one co-trespasser evidence against another, could be considered applicable to this case, are matters on which we must not be understood as having expressed an opinion.

As the rulings of the circuit court are in conflict with the principles we have laid down, its judgment must be reversed, and the cause remanded.