## BIZZELL *vs.* HARDAWAY.

[SEVERAL EXECUTIONS—LIEN OF—SATISFACTION OF.]

1. *Executions; lien of; satisfaction of.*—Where several executions, having an equal lien, are levied upon goods of the defendant, and there is not enough money to satisfy all, in full, the amount must be equally divided amongst them ; and if, after this, there is any surplus, this must, in like manner, be divided amongst such as remain not satisfied in full.

APPEAL from the Circuit Court of Greene.
Tried before Hon. JAMES COBBS.

THIS was a motion, by Bizzell, against Hardaway, sheriff, for failing to pay over money collected under execution in his hands. The facts of the case are as follows :

Bizzell recovered a judgment in the circuit court of Greene county, in April, 1863, against one Watkins, for $67.75, and costs, upon which an execution was duly issued, on 7th December, 1865, and was received by the sheriff December 9th, 1865, returnable to spring term, 1866, and was levied on certain property of said Watkins, which was

sold March 15th, 1866, for $267.70. Of this the sheriff returned, as the *pro rata* share belonging to this execution, the sum of $14.69 and the costs, $16.20.

There were placed in the hands of the sheriff, and by him levied on the same goods, two other executions issued on judgments obtained at the same term of the court, as the first, one of which, for the sum of $63.75 and costs, was received by him 7th December, 1865; and the other, for the sum of $457.25 and costs, on the 2d March, 1866; to the former of these he returned as its *pro rata* share, the sum of $13.12 and costs, $16.12; and the latter, as its *pro rata* share, the sum of $183.20 and costs, $24.36.

The attorney for Bizzell gave his receipt for the *pro rata* share, allotted to his execution, in the following words:

"$14.69. Received, May 12, 1866, from Wm. R. Hardaway, sheriff, $14.57, *pro rata* share of books, &c.

(Signed) R. C., Plaintiff's Attorney."

Due demand was made before motion.

On the foregoing state of facts the attorney for Bizzell moved the court for judgment against the sheriff, for the full amount of his said execution. This the court refused, and Bizzell appealed, and assigns as error the refusal of the court, as aforesaid.

R. CRAWFORD, for appellant.

W. & J. WEBB, *contra*.

JUDGE, J.—The executions, respectively, of Bizzell and Hughes, appear to have be euissued after the lapse of more than one year from the date of the judgment in each case, and before the passage of the enabling act of December 15, 1865, dispensing with the revival, by *scire facias*, of all judgments recovered since the 11th of January, 1861, on which no execution had been issued. But we can not presume, from this circumstance alone, that other executions in the cases respectively had not been issued before the lapse of time that would have made it necessary to revive the judgment.

The liens of all the parties having been equal, the main

question in the case is, whether the money arising from the sale was properly applied by the sheriff.

The rule of the common law is, as was held by this court in the case of *Rutledge's Administrator vs. Townsend, Crane & Co.*, 38 Ala. 705, "that where property is simultaneously levied on under two or more executions or attachments, and the property is not of value sufficient to pay and discharge the debts thus levied, the liens being equal, the money, irrespective of the amounts of the several claims, must be applied equally to the several debts, unless a surplus remains after a full payment of one or more of the claims. In case there be such surplus, that must be applied equally to the balance of the unpaid debts."

This rule of the common law has never been modified or repealed by statute, and is of full force in this State.

But it is contended that the application of the money made by the sheriff was sanctioned by the parties; and that the appellant, by his receipt for his "*pro rata share,*" s estopped from controverting its correctness.

We can perceive in the conduct of appellant in the matter, none of the ingredients necessary to constitute an estoppel.

The judgment of the circuit court is reversed, and the cause remanded.