# Kilpatrick *v.* Pickens County.

### *Action by County, on Official Bond of Tax-Collector.*

1. *Settlement of tax-collector's accounts with Commissioners Court; conclusiveness of.*—A settlement of the accounts of a tax-collector with the Commissioners Court of the county, and a discharge or receipt in accordance with the settlement, are *prima facie* correct, and impose the *onus* of proof on the party who afterwards disputes its correctness ; but it is not conclusive.

2. *Specific objection to evidence.*—An objection to evidence, on a single specified ground, is a waiver of all other grounds of objection.

3. *Exception to charges given.*—An exception in these words, "To the 1st, 2d and 3d charges,'above given by the court, the defendants then and there excepted," is a general exception to all the charges, and not a specific exception to each charge separately ; and if any one of the charges is correct, or is too favorable to the party excepting, the exception can not prevail.

4. *Exception to refusal of charges asked.*—An exception in these words, "Defendants asked the following charges in writing, which were refused, and defendants then and there excepted," is a general exception to the refusal of all the charges collectively, and not to the refusal of each charge separately ; and if any one of the charges asserts an incorrect legal principle, the exception can not avail.

APPEAL from the Circuit Court of Pickens.
Tried before the Hon. LUTHER R. SMITH.

SNEDECOR & COCKRELL, for appellants.

L. M. STONE, *contra.*

STONE, J.—The present suit is brought to recover of a tax-collector and his sureties moneys which it is alleged he has been allowed by a former Court of County Commissioners to retain, in excess of the commissions allowed him by law, for collecting the taxes. One ground of defense relied on is, that a former Commissioners Court settled with him as to the taxes of the several years brought in question, allowed him credit for the items now sued for, and gave him a discharge. We can not assent to this as a valid defense. The principle settled in the case of *State, ex rel. Weaver v. Brewer*, 61 Ala. 318, is a full answer to this defense.

A succeeding Court of County Commissioners cited the said Kilpatrick, ex-tax-collector, to appear before them, and settle an alleged balance due from him to the county, as tax-collector. He did appear, by himself and counsel. There was a restatement of his account, charging him with commissions allowed him by the preceding court, alleged to be in

[Kilpatrick v. Pickens County.]

excess of lawful charges. This sum amounted to six hundred dollars. There was a further alleged error detected, of one hundred and sixty-five 97-100 dollars, with which the court proposed to charge Kilpatrick. He consented to the last-named correction, and paid said sum to the county. He refused to refund the six hundred dollars, which had been previously allowed him. Thereupon, this suit was brought against the tax-collector and his sureties, to recover said six hundred dollars, and interest upon it. In making said restatement, the Court of County Commissioners made a record of their proceedings, and of the account as corrected. On the trial of this cause, the plaintiff, after introducing the testimony of two members of the court, offered in evidence the record of said corrected account. The defendants objected to its introduction, "on the grounds, that the matters of commissions alluded to in said record had been audited, allowed and passed by the former Commissioners Court, and that the books containing the record of the allowance and commissions, upon said settlements with said former court, were burned, and the said sum of money had been received by the said defendant as his commissions." This objection to the evidence, on a specified ground, is a waiver of all other grounds of objection.—1 Brick. Dig. 887, § 1194. The specified ground of objection, as we have shown above, is not well taken. The settlement made by the former court with the tax-collector was, *prima facie*, correct, and cast on the county the *onus* of proving its incorrectness. It was not conclusive, and did not preclude testimony showing its incorrectness. *State, ex rel. Weaver v. Brewer, supra.*

There were three affirmative charges given by the court, numbered 1, 2, 3, and an exception to them in this language: " To the 1st, 2d and 3d charges, above given by the court, the defendants then and there excepted." This is but a general and single exception to a batch of charges, and, under our rulings, will not avail to reverse the judgment, unless each of the charges is faulty.—*S. & N. Railroad v. McLendon*, 63 Ala. 266; *Mayor, &c., v. Rumsey, Ib.* 352. Under the principles we have declared above, the first of the three charges was too favorable to the defendants, and furnishes no ground for reversal at their instance.—*Boswell v. Carlisle*, 55 Ala. 254.

The defendants asked seven separate charges, and the only exception to their refusal is in the following language : " Defendants asked the following charges in writing, which were refused, and defendants then and there excepted." Without further specification, the 2d of the charges asked states the converse of the rule of law we have declared above, and it should not have been given. This relieves us of the necessity of con-

[Tyree v. Parham's Executor.]

sidering the remaining six charges; but we may add that, in our opinion, no one of them, in its entirety, asserts correct legal principles.

Two questions involved in the transactions out of which this litigation grew, are not so presented, as that we can consider them. They are, first, the proper mode of computing commissions to the assessor and collector, when there are both a general and a special tax based on one assessment; and the second question is, should the county of Pickens have recovered of the collector the excess of commissions he paid the assessor under the order of the Court of County Commissioners.—See Revenue Law of 1868, sections 41 and 59, pp. 312, 316. There is but one assessment, and one collection. Compelling the collector to refund what he paid the assessor under the decision or judgment of the Court of County Commissioners, is a hardship, but we have no power to relieve it.

The judgment is affirmed.