# Buist *v.* Eufaula Drug Co.

### *Action to Recover Damages for Breach of Contract.*

1. *"Guaranteed against our own decline"; meaning of.*—A memorandum in the words, "guaranteed against our own decline," given by the seller at the time of taking an order for the sale of goods, is a mere assurance that the seller will not decline or fail to fill the order as given, and does not confer upon the purchaser the right to rescind the contract at will.

2. *Evidence of acts of agent when fact of agency is in dispute.*—In an action to recover damages for the breach of a contract to sell produce, when the contract was made by the seller's alleged agent, proof of whose authority rests in parol, and the terms of the contract are in dispute, a memorandum given to the purchaser by the alleged agent at the time of the sale, and showing one of the terms of the contract, is admissible in connection with other evidence tending to show the fact and extent of his agency.

3. *Right to rescind contract; charge ignoring enquiry as to exercise of right.*—In an action to recover damages for the breach of a contract to sell and deliver produce, where there is evidence tending to show that the defendant had the right to rescind the contract, but the evidence is in conflict upon the question of his exercise of the right, a charge which instructs the jury to find for the defendant if they believe from the evidence that he had the right to rescind the contract is erroneous, in that it ignores the inquiry whether the defendant had ever in fact exercised such right.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

This was an action brought by the Eufaula Drug Company, a partnership composed of G. A. Beauchamp, C. H. Beach and M. L. Ramser, against Robert Buist, jr., to recover damages for the alleged breach of contract made by the defendant to sell the plaintiffs 150 barrels of Irish potatoes.

The plaintiffs introduced evidence tending to show that on or about September 12, 1890, one George Vanderbilt, purporting to represent the defendant as his travelling salesman, called on the plaintiffs, and took their order for 150 barrels of potatoes, to be delivered on or about December 20, 1890, at $2.75–100 per barrel; that about the last of October, 1890, the plaintiffs received a letter from the defendant, in which he notified plaintiffs that he could not fill their order, un-

[Buist v. Eufaula Drug Co.]

less plaintiffs would pay cash before shipment, and assume all risks; that the plaintiffs wrote in reply to the defendant that they would hold him to the terms of the contract as made by Vanderbilt, and would not remit before receiving the goods. The defendant moved to exclude the testimony relating to the transaction between the plaintiffs and said Vanderbilt, because it was not shown that Vanderbilt had authority to act for the defendant, and because it was not shown that the relation of principal and agent existed between the defendant and said Vanderbilt. The court overruled this motion and the defendant duly excepted. Evidence was afterwards introduced tending to show that the defendant received the order for the potatoes through said Vanderbilt, and that he was the defendant's salesman. A verdict having been rendered for the plaintiffs, the defendant moved for a new trial on the grounds, (1) that the verdict was contrary to law, and (2) that it was contrary to the evidence. To the overruling of this motion the defendant excepted; and now assigns as error the several rulings which are considered in the opinion.

H. D. CLAYTON, and S. H. DENT, JR., for the appellant, cited *Ladd v. Shattock*, 90 Ala. 134; *Johnson v. Ala. M'f'g. Co.*, 90 Ala. 505; 3 Brick. Dig. p. 21, § 43; *Comer v. Bankhead*, 70 Ala.—; *Borst v. Simpson*, 90 Ala. 376; *Moore v. Robinson*, 62 Ala. 537; *Burns v. Campbell*, 71 Ala. 271; 1 Minor's Inst. 227.

G. L. COMER, *contra*, cited *Belmont Coal & Railroad Co. v. Smith*, 74 Ala. 206; *Ala. G. S. Railroad Co. v. Hill*, 76 Ala. 303; *Ala. G. S. Railroad Co. v. Thomas*, 89 Ala. 655; *Bozeman v. Rose*, 51 Ala. 321; *Haralson v. Stein*, 50 Ala. 347; 48 Ala. 252.

THORINGTON, J.—This case in its facts is very similar to the case of *Buist v. Guice, ante* p. 255, (decided at the present term,) but differs from that case in the questions reserved for consideration in this court.

The authorities cited in the Guice case justify the rulings of the Circuit Court on the objections of appellant to the testimony offered by appellees, and the testimony was properly submitted to the jury to be passed upon by them as a whole in determining the fact and extent of Vanderbilt's agency.

A memorandum made by the agent, Vanderbilt, at the time of the sale is in the following words: "Guaranteed

[Buist v. Eufaula Drug Co.]

against our own decline, George Vanderbilt." It was admitted in evidence against appellant's objection, and on which appellant predicated the following charge and requested the court to give the same, to-wit: "The court charges the jury that if the plaintiff had the right to rescind the contract then the defendant did also, and the plaintiff can not recover." The memorandum signed by the agent, Vanderbilt, is not susceptible of the construction placed on it by appellant, as indicated by the charge above set forth. It is not a reservation by appellees of the right to rescind the contract, nor does it render the contract a mere option in favor of appellees to buy, or not, within a specified time. It is, at most, a mere assurance that appellant would not decline or fail to fill the order as given, and, if Vanderbilt was authorized to make the sale, it imposed no further or other duty on appellant than was implied by law from the terms of the contract without such guaranty. Inasmuch, however, as one of appellees' firm testified, at first, that by the terms of the contract appellees had the right to rescind the contract at any time, and on being recalled testified that what he meant by that statement was that Vanderbilt at the time the order was given signed the said memorandum, and that it contained "the whole conditions of the contract," the jury had a right to determine which of these statements was correct, and the charge would, in that view, have been proper had it been unobjectionable in other respects. It is not undisputed, however, that appellant ever exercised the right to rescind the contract; on the contrary, the correspondence, offered in evidence, which he claims shows such rescission, is relied on by appellees to show a ratification of the contract by appellant. The charge, therefore, is erroneous in that it instructs the jury to find for appellant if the appellees had the right to rescind the contract, without reference to the inquiry whether appellant had ever in fact exercised such right—in other words, it is based on the hypothesis that the mere existence of a like right in appellant to rescind the contract, whether such right was exercised by him or not within the prescribed time, would defeat appellees' recovery. It was, therefore, properly refused.

The objection of appellant to the introduction in evidence of said memorandum was properly overruled. It was competent testimony in two aspects,—first, in connection with Beauchamp's testimony that it contained the only conditions on which the sale was made, as tending to disprove appellant's claim that the sale was made on conditions which authorized him to refuse to ship the potatoes unless the price

was paid in advance; and, second, as a declaration made by the alleged agent at the time of the sale which was proper to be submitted to the jury along with the other testimony tending to show the fact and extent of his agency.—*Tenn. River Trans. Co. v. Kavanaugh,* 93 Ala. 324; *Buist v. Guice, supra;* *McClung v. Spotswood,* 19 Ala. 165. In the case last cited it is said: "Indeed, in most cases where the authority is given by parol, the question whether the agent has exceeded his authority is a question of fact to be decided by the jury under the instructions of the court."

In the matter of the alleged subsequent promise of appellees to pay the price in advance, as to which there is a conflict in the testimony, the burden was on appellant to show such promise. The witness, Beauchamp, who testified for appellees, expressly denied that they made such subsequent promise, thereby directly contradicting appellants' only witness to that fact, and Beauchamp seems to be corroborated by the proof showing the nature of the correspondence following the first demand by appellant of payment in advance. This correspondence shows that, instead of promising to make such payment, appellees insisted that they would hold appellant to the contract as made, and that "they would not remit before receiving the goods." We can not say, therefore, that the jury erred in accepting appellees' testimony, instead of that of appellant, wherein they conflicted. Nor are we able to see that the verdict of the jury was wrong on the whole testimony.

The rulings of the Circuit Court, therefore, are in all things affirmed.

Affirmed.