NEW-YORK,
May, 1815

BETTS
*v.*
BADGER.

</div>

## BETTS *against* BADGER.

IN ERROR from the court of common pleas of *Chenango* county. *Badger* brought an action in the court below against *Betts*. The plaintiff declared on a certain note or instrument in writing, dated the 28th of *May*, 1808, by which the defendant, for value received, promised to pay to the plaintiff, fifty dollars, on or before the 1st of May, 1810, in good napped hats, to be delivered to the defendant; which note or instrument in writing was subject to a condition thereunder written,

<div align="right">

A deed produced by a party at a trial, pursuant to a notice to him, from the opposite party, is *prima facie,* to be taken to be duly executed, and may be read in evidence without proof of its execution.

</div>

NEW-YORK,
May, 1815.

BETTS
v.
BADGER.

to the following effect; that if the defendant should not procure a deed from *M. Lewis*, of the farm on which the plaintiff lived at the time of the execution of the note, or instrument in writing, on account of objections of *Lewis*, then, and in that case, the said note or instrument in writing was to be null and void ; but should the said *M. Lewis* comply, then the said note was to remain valid, and the hats valued at three dollars each. The plaintiff averred that the defendant did procure from *M. Lewis*, a deed of the farm, &c.; yet the defendant, though often requested, &c. had not paid, &c. The declaration also contained the usual money counts, and the defendant pleaded the general issue, with notice of special matter to be given in evidence. At the trial, the deed of *Lewis* was produced by the defendant, pursuant to a notice given to him for that purpose, by the plaintiff; and the counsel for the plaintiff offered to read it in evidence, without any proof, by the subscribing witness, of its execution. The plaintiff's counsel objected, insisting that it could not be read in evidence, without calling to the subscribing witness to prove it, or making legal proof of its execution. The judges of the court below were divided in opinion upon the question ; and the deed was read in evidence, without any proof of its execution. The jury gave a verdict for the plaintiff, for sixty-four dollars and twenty-five cents. The defendant's counsel tendered a bill of exceptions, on which a writ of error was brought to this court.

*Vanderpool*, for the plaintiff in error. The deed, though produced by the plaintiff, under a notice for that purpose, ought to have been proved, as in other cases. It is true that the court of K. B. in *England*, in the case of the *King* v. *Inhabitants of Middlesoy*,[*] decided that a deed produced by the opposite party, under a notice, though no party to it, was *prima facie* evidence, without any proof of its execution; but that case was afterwards doubted by *Lord Kenyon*,[†] and finally overruled by the court, in *Gordon* v. *Secretan*,[‡] and the rule laid down, that the production of a deed at the trial, pursuant to a notice, did not dispense with the necessity of proving it by one of the subscribing witnesses, as in ordinary cases. In *Fox* v. *Reel*,[‖] this court decided, that where there was a subscribing witness to a bond, proof of the confession of the obligor of the execution of the bond, was not sufficient without producing the sub-

[*] 2 *Term. Rep.* 41.

[†] *Peake's Evidence,* 111. (109) 112.

[‡] *P. East,* 548.

[‖] 8 *Johns. Rep.* 477.

scribing witness, or, in case of his death, proving his hand writing.

*H. Blecker*, contra. This is an exception to the opinion of the court below; yet the bill of exceptions states that the judges were equally divided in opinion: so that there was no decision, which was, in effect, denying the motion for the deed to be read. [THOMPSON, Ch. J. But as the deed was, in fact, read in evidence, we must presume that it was read with the assent of the court.]

But admitting that it was read with the direction or assent of the court below, there can be no doubt that it was *prima facie* evidence, without further proof. It was so decided in the case of the *King* v. *Middlezoy*, and by Lord *Mansfield*, in *Passel* v. *Godsall*, cited in that case. And this rule was expressly recognised by *Buller*, J., in the case of *Bowles* v. *Langworthy*,* and by Lord *Kenyon* in *Doxon* v. *Haigh*.† It is true that Lord *Ellenborough*, in the case of *Gordon* v. *Secretan*, reprobated and denied this doctrine, and that is the only case in which the rule has been denied.

There is no danger in this rule; and it is far more convenient than the one requiring strict proof, as in ordinary cases. The deed so produced is only *prima facie* evidence; and may be repelled, if the party thinks proper, by evidence of fraud or forgery. But if a plaintiff who calls for a paper essential to the support of his case, is bound to produce the subscribing witnesses, when it is produced at the trial, he may be taken by surprise, and non-suited, from not knowing the witnesses, or where they may be found. (*a*)

SPENCER, J., delivered the opinion of the court. The question presented by the bill of exceptions is, whether a deed in the possession of one of the parties, and produced by him at the trial, upon notice given, and at the requisition of the other party, can be read in evidence by the party thus calling for its

NEW-YORK,
May, 1815.

BETTS
v.
BADGER.

* 5 *Term. Rep.*
366.
† 1 *Esp. Rep.*
409.

(*a*) *Campbell*, in a note to *Wetherston* v. *Edgington*, (2 *Camp. N. P. Rep.* 94.) thinks this difficulty, which seems to be the principal objection to the rule as established by the court of K. B. in *Gordon* v. *Secretan*, might be easily obviated, by obtaining a rule of court, or a judge's order, to inspect the instrument before the trial.

production, wtihout proof of its execution ; there being a sub-scribing witness to the execution.

The bill does not state, nor can it be collected, with certainty, from the note declared on, whether the deed was given to *Betts* or *Badger*, or some other person. I think, however, it may be inferred from several circumstances, that the deed was given by *Lewis* to the plantiff in error : 1st. Because he had possession of it ; and 2d, From the condition of the note ; that if the plantiff in error did not produce a deed from *Lewis* for the farm, on which the defendant lived, then the note was to be null and void ; if he did, then he was to pay the note. This imports that he was to gain an advantage and to derive a benefit from the deed.

In *Passell* v. *Godsall*, (cited in 2 T. R. 44.) the plaintiff had given the defendant notice to produce an agreement at the trial. It was produced, and the objection was taken that it could not be read without proof. Lord *Mansfield* overruled the objection, saying, the defendant produced it as the original agreement, and therefore it need not be proved. Lord *Mansfield* expressed the same opinion in *Thompson* v. *Jones*, (also cited in 2 T. R. 44.) In the case of the *King* v. *The Inhabitants of Middlezoy* (2 T. R. 44.) *Ashurst*, *Buller*, and *Grose*, Justices, all agreed that an instrument produced by one party, at the call of the other, must be presumed, *prima facie*, to be duly executed. In *Doxon* v. *Haigh et al.* (1 *Esp. Rep.* 409,) Lord *Kenyon* expressed the same opinion ; and *Peake*, in his treatise on evidence, considers that to be the rule, when the deed is given to the party who produces it ; but when it is matter *inter alios acta*, and the party called on to produce it, is not a party to the instrument, he expresses doubts whether it be not necessary to prove it. In *Gordon and others* v. *Secretan*, (8 *East*,) Lord *Ellenborough* held that it was necessary, when there was a subscribing witness, for the party to prove the execution, although the instrument was produced by the other party, and although purporting to be executed by him ; and *Lawrence*, J., in the same case, said it had been so ruled by Lord *Kenyon*, in the case of a will. But in a subsequent case,* (2 *Camp. Rep.* 94.) *Heath*, J., declared he thought the old rule the sensible one, that an instrument coming from the opposite side was, *prima facie*, to be taken as duly executed.

* *Wetherston v. Edgington.*

These are believed to be all the cases on the subject. I apprehend the practice, at *nisi prius*, with us, has been in conformity with what Mr. J. *Heath* calls the old rule; if the party producing an instrument, is one of the parties to it, the custody of the paper affords high presumptive evidence, that he holds it as a muniment; and, *prima facie*, it is sufficient proof of the execution.

<div align="right">Judgment affirmed.</div>