84  493
f139  241

# Woodstock Iron Company *v.* Reed & Partlow.

### *Action for Breach of Contract.*

1. *To what witness may testify.*—In an action for the breach of a verbal contract, a witness, or a party testifying as a witness, may be asked to state "what was the contract" between the parties.

2. *Books produced on notice.*—A book kept by defendant, containing entries relating to the subject-matter of the contract sued on, being produced by him on notice, is admissible as evidence for the plaintiff without further proof of identification.

3. *Contract for cutting timber, and converting it into charcoal; partial loss by fire falls on whom.*—In an action for the breach of a verbal contract, by which defendant agreed to pay plaintiffs a stipulated price per hundred bushels for charcoal made out of wood cut from defendant's lands, deducting a specified price for the cutting and cording of the wood; *held*, that the loss for a portion of the wood cut and corded, which was accidentally destroyed by fire, fell on the defendant, if plaintiffs were only bound to make a deduction for the wood converted into charcoal; but on plaintiffs, if the duty to contract for and look after the cutting rested on them.

APPEAL from Calhoun Circuit Court.

Tried before Hon. L. F. Box.

The appellees Reed & Partlow, sued the Woodstock Iron Company, appellant, for breach of an oral contract. Reed & Partlow were to convert wood into charcoal and furnish the same to the Iron Co. at $5.75 per hundred bushels, of which sum the Iron Co. was to retain $1.50 for the expense of cutting and cording the wood. A large quantity of wood had been cut and corded, when the same was destroyed by fire. The timber was owned by the Iron Co. There was conflicting evidence as to who was to pay for the cutting and cording of the same, and consequently upon whom fell the loss occasioned by the fire.

The plaintiffs' counsel asked the witness Partlow, one of the plaintiffs, to state "what was the contract made between plaintiffs and defendant." The defendant objected to the question; the court overruled the objection; the defendant excepted. When witness answered the question, defendant moved to exclude the answer from the jury, which motion was overruled.

Among other things, the court charged the jury, "that if

they believed from the evidence that, under the contract, the plaintiffs were to pay defendants for chopping the wood made into coal fifty cents per cord, and that plaintiffs were not to pay for chopping any wood not made into coal, the plaintiffs would not be liable for the chopping of so much of the wood as was burned in August, 1883, by the fire which broke out in the coaling, and which was not made into coal." The defendant excepted to such charge and also to the following charge given at request of the plaintiffs:

"If the jury believe, from the evidence in this case, that Reed & Partlow delivered the coal to the Woodstock Iron Co. under a contract that the Woodstock Iron Co. would pay them $5.75 for every one hundred bushels of coal delivered, less $1.50 for the wood that was actually used in the burning of each one hundred bushels of coal so delivered, and that nothing was said or agreed between them about wood not used in the burning of the coal, then they must find for the plaintiffs for the amount of coal delivered at the rate of $5.75 for every one hundred bushels so delivered, after deducting for the wood actually used in the burning of the coal at the rate of $1.50 for every one hundred bushels of coal so delivered, and for orders filled and payments made for the coal delivered."

This cause was before the court on former appeal, 81 Ala. p. 305.

KNOX & BOWIE, for appellants.—The testimony of the witness Partlow, as to "what was the contract," should have been excluded. A witness can not testify as to a legal conclusion.—1 Ala. 632; 9 Ala. 247; *Anderson v. Snow*, 34 Ala. 643, The "coal delivery book" should have been excluded. 40 Ala. 178; 1 Greenl. Ev. §§ 49, 571; 17 Johns. Rep. 158.

KELLY & SMITH, *contra.*—The evidence of witness Partlow was properly admitted.—34 Ala. 613; 17 Ala. 184; 71 Ala. 110; 9 Ala. 251; 3 Brick. Dig. 437, §§ 465–67.

CLOPTON, J.—The contract between the plaintiffs and defendant rested in parol, and it was competent to prove the terms of such agreement by oral evidence. No rule of evidence was thereby offended. It was not the statement of a conclusion, or of the legal effect of the contract, but of facts, the terms agreed on by the parties. If the opposite party desired to test the accuracy or credibility of the testimony,

[Woodstock Iron Co. v. Reed & Partlow.]

or to show the true nature of the contract, what was said and done by each party could have been drawn out on cross examination. The credibility and sufficiency of the evidence were for the jury.—*Anderson v. Snow*, 9 Ala. 247; *Saltmarsh v. Bowen*, 34 Ala. 613. A subpœna *duces tecum* was issued and served on the secretary of the defendant corporation, requiring him to produce "all books and papers belonging to defendant containing any entries, or having any reference to the coaling contract between the plaintiffs and the defendant." When the case was first called for trial, the defendant's counsel stated that the book, called the "coal delivery book," had been overlooked, and asked that the case stand over until the next day, when they gave assurances that it would be brought into court. The case was postponed and again called for trial the next morning, when plaintiffs' counsel called for the book, and in response thereto defendant's counsel produced the book offered in evidence, and delivered it to plaintiff's counsel in open court. The defendant certainly claimed an interest in and under the books, in which were kept its business transactions. The production of the book under such circumstances, as a book *belonging* to defendant, was an admission that it belonged to, and was kept by defendant. Having been produced in open court when called for, it was admissible in evidence without further proof of identification.—*Ward v. Reynolds*, 32 Ala. 384; 1 Greenl Ev. § 571; *Betts v. Badger*, 12 Johns. 223.

The main point of contention was, whether the plaintiffs or defendant should lose the amount paid by the latter for cutting the wood, which was consumed by the fire that occurred in August 1883. If, by the contract, the plaintiffs were not to pay the defendant for cutting wood, which was not manufactured into coal, or if nothing was said or agreed about paying for cutting wood not used in the burning of coal—the plaintiffs are not liable for the amount paid by defendant for cutting the wood which was destroyed by the fire; otherwise, if the duty to contract for and look after the cutting rested on the plaintiffs.—*Woodstock Iron Co. v. Reed & Partlow*, 81 Ala. 305. The legal proposition, asserted in the instructions, was founded on these hypotheses, which the jury found by their verdict to be true. There is no error in the charges given.

Affirmed.