# Hood *v.* Disston & Sons.

### *Action for Breach of Verbal Contract.*

1. *Experts; relevancy of evidence as to proper method of hardening and tempering hoe-blades.*—In an action to recover damages for an alleged breach of contract, by which defendants undertook to harden and temper hoe-blades for plaintiff ; a witness for the plaintiff having testified that defendants put as many as fifty dozen blades in the furnace at one time, and that this was not a skillful or workmanlike method of doing the work ; and one of the defendants, who was an expert, having testified that that number "might be put in and heated, but it would take a much longer time, as it would cool down the furnace, " he may further testify that this would delay the work, thus showing that it was not to the interest of defendant to have done so, and tending to show that plaintiff's witness was mistaken as to the number put in the furnace.

2. *To what witness may testify; performance as collective fact.*—A witness who, as general business manager for the defendants, made for them the verbal contract on which the action is founded, and as a witness has detailed its terms, may testify that defendants "have performed their part of the agreement, " this being but a short-hand rendering of the facts.

3. *Contract for hardening and tempering hoe-blades ; burden of proof as to quality of materials.*—Where plaintiff sues to recover damages for the defendants' alleged failure to properly harden and temper hoe-blades for him, as required by the terms of a contract between them, and adduces evidence tending to show that the blades were too brittle, and were easily broken and split; while the defendants

[Hood v. Disston & Sons.]

introduce expert testimony, to the effect that, "when steel splits, it is always due to the inferior quality of the material used, and not to the tempering ; " if the contract required the plaintiff to furnish the material, the *onus* is on him to show that the material furnished by him was of suitable quality, since he could not be injured by inferior workmanship on the part of the defendants, if he furnished defective materials.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JAMES R. DOWDELL.

This action was brought by Joseph R. Hood against Henry Disston & Sons, and was commenced by attachment sued out on the 8th May, 1888. The action was founded on an alleged breach or breaches by the defendants of a verbal contract by which they undertook to harden and temper for the plaintiff, during a series of years, a large number of blades for hoes, for which plaintiff had obtained a patent; the principal breaches alleged being, (1) that the blades tempered by the defendants were not properly hardened, but were easily broken and split; and (2) that in 1885, before the expiration of the term fixed by the contract, the defendants refused to harden and temper any more blades, and the plaintiff was thereby compelled, in order to fill orders, to have them hardened and tempered by other persons, at a higher price. The defendants filed a plea denying the allegations of the complaint, and also pleaded performance; and issue was joined on these pleas. On the trial, the plaintiff reserved several exceptions to the rulings of the court on evidence, and to the refusal of charges asked by him; and these rulings are here assigned as error.

W. H. SMITH, Jr., and KELLY & SMITH, for appellant.

N. D. DENSON, *contra.*

McCLELLAN, J.—A witness for the plaintiff having testified that, in the process of hardening and tempering the hoe-blades, the defendants put as many as fifty dozen of them in the furnace at one time, which was not a skillful or workmanlike method of doing the work; and one of the defendants having testified, without objection, that that number "might be put in and heated, but it would take a much longer time, as it would cool down the furnace;" we think it was competent for this last witness to further testify as an expert, which he was shown to be, that to treat that number would have delayed the work; thus showing that it was not to the interest of defendants to have done so, and affording a basis

for an inference to be drawn by the jury that plaintiff's witness was mistaken in this part of his testimony.

The witness Austin having sworn that he, as general business manager of defendants, made the contract with the plaintiff, and detailed the terms of the contract by which defendants undertook to harden and temper hoes manufactured by plaintiff in a workmanlike manner and well, his further statement, that defendants had performed their part of the agreement, was but "a short-hand" rendering of the facts involved in performance, and was properly admitted.—1 Whart. Evidence, § 510; *Woodstock Iron Co. v. Reed*, 84 Ala. 493; *Elliott v. Stocks*, 67 Ala. 290; *Turnley v. Hanna*, 82 Ala. 139; *Woodstock Iron Co. v. Roberts*, 87 Ala. 436.

Plaintiff's testimony tended to show that the blades hardened and tempered by defendants were too brittle, and were easily broken and split. There was expert testimony on the part of defendants that, "when steel splits, it is always due to the inferior quality of the material used, and not to the tempering." We are unable to see but that these facts tended directly to show that the material used in manufacturing the blades was of an inferior quality. By the terms of the contract, the material was supplied by the plaintiff. Whether it was of good or bad quality, was a fact more within his knowledge than that of the defendants. If of inferior material, in such sort as that no method of treatment by defendants, however skillful, could have resulted in a valuable product, it is impossible to conceive how any claim for damages could accrue to the plaintiff, even though the work had not been done by defendants in a workmanlike manner and well, since, whether so done or not, the article is equally valueless. These considerations make it manifest to our minds, that one essential element of plaintiff's right of recovery in the present action was, that he furnished material of such quality that the blades could by proper treatment have been efficiently hardened and tempered. Until that fact appears, it is not shown that any damage was done the plaintiff by defendants' want of skill or care in tempering the metal. It follows that the burden of proving this fact was on the plaintiff. The charges given at defendants' request were in harmony with the view we have taken of the law; they were not abstract, as we have endeavored to demonstrate, and were properly given.

We discover no error in the record, and the judgment of the Circuit Court is affirmed.