# Wilson, Ingram & Martin *v.* Klein.

*Action by Agent for Commissions on Sale.*

1. *Relevancy of evidence showing effort to perform.*—Where plaintiffs sue to recover commissions agreed to be paid by defendant for effecting the sale of a lot for him, alleging that they procured a reliable purchaser, and that defendant refused to complete the sale, while the defendant insists that the sale was to be dependent on his prior purchase of another lot, which he failed to effect; if the defendant is not required to show reasonable effort on his part to consummate that purchase, evidence of such reasonable effort is certainly relevant and admissible, as tend'ng to show good faith on his part.

[Wilson, Ingram & Martin v. Klein.]

2. *Burden of proof, as to terms of contract.*—In such case, the defense set up is not in the nature of confession and avoidance, and does not devolve on the defendant the *onus* of establishing its truth, but the *onus* is on the plaintiffs to satisfy the jury that their version of the contract is correct.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

The material facts in this case are stated in the opinion. The charge to the jury given by the court below, which was excepted to, and which is here assigned as error, was as follows : "The burden of proof in this case is upon the plaintiffs, to show to the satisfaction of the jury that the defendant unconditionally authorized them to sell the lot in question; and if from the evidence they are not reasonably satisfied that the defendant gave them such unconditional authority, then the jury must find for the defendant."

FEAGIN & WILKERSON, for appellants.

WEBB & TILLMAN, *contra.*

STONE, C. J.—The present suit is brought for the breach of an alleged oral agreement. The plaintiffs, who were real-estate agents, contended and testified that the defendant gave them authority to negotiate a sale of a certain lot in Birmingham, at the price of thirty-five hundred dollars, they to have as commissions all they could obtain over that sum; that they did effect a sale, or agreement for a sale, at thirty-six hundred and forty dollars, to a reliable and responsible purchaser, but that defendant refused to consummate the sale. This suit is for the recovery of the one hundred and forty dollars.—*Birmingham Land & Loan Co. v. Thompson,* 86 Ala. 146; *Sayre v. Wilson, Ib.* 151. Defendant's version of the agreement, as testified by him, was, that he wished to purchase a lot owned by one Hobbie, for which he was willing to pay fifteen thousand dollars; and that if he effected that purchase, he then authorized plaintiffs to find a purchaser for his lot, on the terms stated by them. He denied giving them authority to sell, except on the condition that he could obtain the Hobbie lot on the named terms.

If Klein's version of the agreement is the true one, we are not prepared to say the agreement did not cast on him the duty of making reasonable effort to effect the purchase from Hobbie. But we need not decide this. It certainly authorized him to make such effort, and to make proof that he had made it. Such proof tended to show his good faith, if the authority

to sell was conditional, as he contended.  The City Court did not err in receiving his testimony, and that of Smith, relating to the effort made to purchase the Hobbie lot.

The defense set up in this case does not present the doctrine of confession and avoidance.  The defendant denies making the agreement which the plaintiffs allege, and denies that he gave them authority to sell, except on the happening of a condition precedent.  One who is authorized to act on the happening of an event, can not act, and base rights upon it, without showing that the event which confers the right has happened.

Whether the version of the contract given by plaintiffs, or that set up by defendant, was the true one, was a question for the jury, and the charge of the court did not misplace the burden of proof.

Affirmed.