# Tilley *v.* Harrison.

### *Action for Breach of Contract of Employment.*

1. *Adoption of child; rights of adopting father.*—When a person adopts a child, changing its name to his own, and taking it into his own family (Code § 2367,), he assumes the duties of a natural parent, and is entitled to its custody and services, or earnings, as against all other persons, unless it may be the true parents, when they have not consented to the adoption.

2. *Contract for services by adopted child; who may sue for breach.*—Under a written contract for the employment of plaintiff's adopted son,

[Tilley v. Harrison.]

a minor, as clerk in defendant's store, for the term of twelve months, at a salary of $50 per month, payable monthly; the first paragraph, signed by defendant, containing a stipulation that the youth should be allowed to attend a commercial college during the three summer months, "during which time his place in the store is to be filled by his god-father [plaintiff], and his wages to continue at the same rate;" the second, signed by the father, stipulating for the faithful performance by the son of the stipulated services, and binding himself personally for the same; and the third, signed by the son, promising performance on his part; the plaintiff is entitled to sue in his own name for a breach of the contract by defendant, in refusing to allow him to perform the services during the three months absence of his son, or to pay him the agreed compensation for those months.

APPEAL from the Circuit Court of Choctaw.

Tried before Hon. WM. E. CLARKE.

This action was brought by W. M. Tilley against T. J. Harrison, to recover damages for the breach of a written contract, and was commenced on the 6th September, 1889. The contract was dated October 1st, 1888, and was for the employment of D. A. Tilley, plaintiff's adopted son, who was a minor, as clerk in the defendant's store, for the term of twelve months, at a salary of $50 per month, payable monthly. The first paragraph of the contract, which was signed by the defendant alone, contained a stipulation that D. A. Tilley should have the privilege of attending a commercial college during the months of June, July, and August, "during which time his place in the store is to be filled by his god-father, W. M. Tilley, and his wages to continue at the same rate." The second paragraph was signed by the plaintiff, and the third by D. A. Tilley. The breach alleged was, that the defendant refused to allow plaintiff to perform services as clerk during the absence of his son as stipulated, and refused to pay him $150, the agreed compensation for those months. The court sustained a demurrer to the complaint, on the ground that the plaintiff showed no right of action in himself; and this judgment is here assigned as error.

H. T. TAYLOR, for the appellant, cited *Russell v. Russell*, 84 Ala. 51; *Hirschfelder v. Mitchell*, 54 Ala. 423; *Benziger v. Miller*, 50 Ala, 209; 1 Amer. & En. Encyc. Law, 207, § 3; *Comer v. Bankhead*, 70 Ala. 141.

GEO. W. TAYLOR, *contra*, cited Code, § 2579; *Cook v. Adams*, 27 Ala. 294; 45 Ala. 215; *Mason v. Hall*, 30 Ala. 599; *Huckabee v. May*, 14 Ala. 263; *Benziger v. Miller*, 50 Ala. 209.

CLOPTON, J.—The question presented by the demurrer to the complaint is the right and capacity of appellant to bring

[Tilley v. Harrison.]

and maintain, in his own name, an action on the contract which is set out in the complaint. Plaintiff's right to maintain the action depends upon the question, whether under the contract he is the party entitled to receive the money promised to be paid, and can legally discharge the debtor. If this be so, whether he holds the money for the use of another when collected, is immaterial, and does not affect the right to sue in his own name on the contract. The inquiry involves consideration of the character and terms of the contract, construed in the light of the relation existing between two of the parties.

The amended complaint avers that D. A. Tilley, who is a minor, was the adopted child of plaintiff, and sets out the proceedings adopting him, which substantially conform to the requirements of section 2367 of the Code, providing the mode by which a child may be adopted. Though adoption may not, by operation of the statute. originate and establish all the legal consequences and incidents of the natural relation of parent and child ; when the adoptive father declares his own name as the name which he wishes the child to be thereafter known, and takes it into his family to be treated as a child, he assumes the duties of a natural parent, and is entitled to its custody and services, or earnings, as against all persons, unless it may be the true parents, when they have not consented to the adoption. The relation of adopted father and child existed between plaintiff and D. A. Tilley, when they entered into the contract with defendant. The averments of the amendment to the complaint show and cure the misdescription of plaintiff in the contract as *guardian* and *god-father*. This relation aids the ascertainment of the party who is entitled, under the contract, to receive the money agreed to be paid by defendant for the services of the child.

The first clause of the agreement is as follows : "We, the undersigned, as proprietor, as guardian, and as son, the employé, do hereby mutually enter into the following stipulations of agreement, as contract for labor or services to be rendered by D. A. Tilley, as clerk in the store" of defendant. The written contract is composed of three separate paragraphs, each expressing the stipulations on the part of the contracting party, whose name is signed to the paragraph. By the first, defendant agrees to employ D. A. Tilley as clerk in his store, for a term of twelve months, commencing October 15th, 1888, at a salary of fifty dollars per month, to be paid monthly. After stipulations in reference to certain work, which the clerk should not be required to perform, unless the business interests of the store required it, defendant further agrees, "that during the months of June, July and August, 1889, he may have

[Tilley v. Harrison.]

the privilege of attending a commercial college, during which time his place in the store is to be filled by his god-father, W. M. Tilley, and his wages to continue at the same rate." The second paragraph, which is signed by plaintiff, we quote: "I, W. M. Tilley, god-father and guardian of D. A. Tilley, do hereby acknowledge my approval and indorsement of the foregoing stipulations of agreement of T. J. Harrison for the services of my son, D. A. Tilley, and hereby enter into contract with him for my son to perform said services faithfully and diligently for the term agreed upon, or so long as the said T. J. Harrison complies with his obligations. I further obligate to endeavor to have my son perform all duties to said T. J. Harrison, and to bring all prestige, weight and influence he may have to bear, in the interest of him and his business, so long as he remains in his employment, and agree to do the same myself." D. A. Tilley, by the third paragraph, which bears his signature, agrees to faithfully carry out all the obligations of plaintiff, who is styled his god-father, with defendant, and to perform his work and duties faithfully and diligently, and in the sole interest of defendant, for the time agreed upon.

The contract is informally and inartificially drawn, but construing the paragraphs as a whole, it is manifest that the agreement for the employment of D. A. Tilley was made between plaintiff, as his adopted father, and defendant. D. A. Tilley merely agrees to carry out the obligations of his father. The contract does not express, *eo nomine*, to whom the salary is to be paid; but when the right of plaintiff to the earnings of D. A. Tilley, growing out of the relation between them, is observed, in connection with the terms of the agreement, it is evident that plaintiff was intended to be the promisee, to whom payment of the salary could be legally made, and who could discharge defendant. The adopted child is not entitled to receive the money, and could give no acquittance therefor. This construction accords with the conduct of the parties, if the averments of the complaint, that defendant had paid plaintiff the salary for each month up to the month of June, be true, and they must be taken as true on demurrer. Consequently, plaintiff alone can maintain the suit, though he may have intended to hold the money for the benefit of his adopted child.—*Hirschfelder v. Mitchell*, 54 Ala. 419. The demurrer was improperly sustained.

Reversed and remanded.