# Buist *v.* Guice.

*Action to Recover Damages for Breach of Contract.*

1. *Agency; evidence of, and of acts and declarations of agent; order of proof.*—Where the defendant is sought to be charged upon a contract made by one V. as his agent, if the fact of agency is disputed, and the matter rests in parol, the inquiries as to the existence of the agency and as to the extent of the agents authority to bind the principal are questions for the jury ; and while it is the better practice to first introduce proof of the agency, yet it is not error that evidence of the acts and declarations of the alleged agent was admitted before the introduction of the proof to establish the fact of agency, if such proof was afterwards made and submitted to the jury.

2. *Measure of damages; burden of proof.*—In an action to recover damages for the breach of a contract to sell and deliver 250 barrels of potatoes, "free on board the cars at Philadelphia," for shipment to the plaintiff at Eufaula, Ala., the measure of damages is the difference between the contract price and the market value of the potatoes at Eufaula at the time agreed on, less the cost of transportation ; and it is incumbent on the plaintiff to prove the cost of transportation, that fact being an indispensable element in the measure of plaintiff's recovery.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

The facts are sufficiently stated in the opinion.    The court, of its own motion, charged the jury, that if they found for

[Buist v. Guice.]

the plaintiff, "the measure of damages would be the difference between the contract price of the article contracted for and its market value at Eufaula, Alabama, at the time it should have been delivered by the terms of the contract." The defendant duly excepted to this portion of the charge.

H. D. CLAYTON, and S. H. DENT, JR., for appellant.—1. The court should have excluded the evidence as to the acts and declarations of the purported agent, because the acts and declarations of an agent are never admissible for any purpose until agency has first been established by competent proof.—3 Brick. Dig. p. 21, § 43; Ladd v. Shattock, 90 Ala. 134; Johnson v. Ala. M'f'g. Co., 90 Ala. 505. 2. The charge of the court as to the measure of damages was erroneous, because it ignored the freight charges from Philadelphia to Eufaula, which, by the terms of the order, were to be paid by the appellee.—Johnson v. Allen, 78 Ala. 387; Moore v. Robinson, 62 Ala. 537; 5 Lawson's Rights, Remedies and Practice, § 2618.

A. H. MERRILL, contra.—1. The letters of Vanderbilt, in connection with the other evidence tending to show the fact of agency, were clearly admissible.—Martin v. Brown, 75 Ala. 442; Bank of Montgomery v. Plannett, 37 Ala. 222; Gimon v. Terrell, 38 Ala. 208; Talladega Ins. Co. v. Peacock, 67 Ala. 253; McClung v. Spottswood, 19 Ala. 165. 2. The charge of the court correctly states the general rule as to the measure of damages in such cases as this, and there is nothing in this case to change that general rule.—Bell v. Reynolds, 78 Ala. 511; Bozeman v. Rose, 51 Ala. 321; Rose v. Bozeman, 41 Ala. 678; McGee v. Posey, 42 Ala. 330; 29 Ala. 668; 20 Ala. 811; Benjamin on Sales, 559. The question of freight charges was matter of defense, of which the defendant could have availed himself, but failed to do so. The burden was on the defendant to prove the cost of transportation, in order to reduce the damages.—Lehman v. McQueen, 65 Ala. 570; McWilliams v. Phillips, 71 Ala. 80; 3 Brick. Dig. p. 433, §§ 388, 389.

THORINGTON, J.—Appellee sued to recover of appellant damages for the alleged breach of a contract by which the latter agreed to sell the former two hundred and fifty barrels of Irish potatoes, to be divided in two shipments of one hundred and twenty-five barrels, each, on the 1st and 15th of January, 1891, respectively, all to be shipped to appellee at Eufaula, Alabama.

[Buist v. Guice.]

The order for the potatoes was given to one Vanderbilt, who represented himself at the time to be the agent of appellant. The order showing the number of barrels sold, the price per barrel, cash, and the time and place for delivery, was forwarded by Vanderbilt to appellant's house in Philadelphia, in September, 1890, which was the same month in which the sale was made. On October 29th, 1890, appellant wrote to appellee informing him of general disaster to the potato crop, and stating that appellant was unwilling to barrel the potatoes for shipment, unless appellee would assume all responsibility. Thereupon a correspondence arose between the parties, appellee insisting on his order being filled as given, or that appellant should pay him the difference between the price at which he purchased and the market value of the potatoes at Eufaula at the time they were to have been delivered (the price then being higher than when the order was given); and appellee declining to fill the order unless appellee would accept the best potatoes appellant might, under the circumstances, be able to procure, and that the price should be forwarded in advance.] The deposition of appellant's book-keeper was offered to prove a recognition by appellant of Vanderbilt's agency, and the correspondence was offered to show a recognition, or ratification, by appellant of Vanderbilt's acts in making the sale. The potatoes were to be delivered at $2.75 per barrel, free on board the cars at Philadelphia, to be shipped to Eufaula, and their market value at the latter place, at the time of delivery, was $3.75 per barrel. There was a verdict and judgment for appellee, for the difference between the price at which the potatoes were bought and their market value at the time and place of delivery.

The questions reserved for the decision of this court are as to the competency and sufficiency of the testimony to establish Vanderbilt's authority to make the sale as agent for appellant, and the terms of such sale, and as to the measure of damages. The first question is raised by exceptions to the rulings of the court on the testimony and on the refusal of the court to grant a new trial, and the second question is raised by exception to the charge of the court.

The fact of Vanderbilt's agency rests in parol, and for that reason its existence and the extent of his authority are questions for the jury. Neither its existence nor extent could be proved by the mere declarations or acts of Vanderbilt, although he professed to be acting for appellant. Such acts and declarations are not binding on appellant, unless Vanderbilt's authority or appellant's assent to, or ratification

17-96

[Buist v. Guice.]

of, such acts or declarations are shown. When, however, there are facts in proof tending to show the relation of principal and agent, whether such facts are shown directly or circumstantially, it is then compent for the jury to determinine from all the proof whether such acts and declarations are binding on the principal. In *The South & North Railroad Co. v. Henlein*, 52 Ala. 606, it is said: "The correct rule is this, if there be no proof whatever tending to prove the agency, the act may be excluded from the jury by the court; but if there is any evidence tending to prove the authority of the agent, then the act can not be excluded from them, for they are the judges of the weight and sufficiency of the testimony." In Mechem on Agency, § 106, the rule is stated thus: "Where, however, the authority was not conferred by written instrument, and the facts are in dispute, it is for the jury to determine, under proper instructions from the court, not only whether an agency exists, but, if so, what is its nature and extent. It is impossible to lay down any inflexible rule by which it can be determined what evidence shall be sufficient to establish an agency in any given case, but it may be said in general terms that whatever evidence has a tendency to prove the agency is admissible, even though it be not full and satisfactory, as it is the province of the jury to pass upon it. So, if evidence has first been introduced tending to prove the agency, or to make out a *prima facie* case thereof, the admissions and declarations of the alleged agent, if otherwise competent, may then be shown, and the whole case passed upon by the jury." The rule as above announced is amply supported by authority. *Martin, Dumee & Co. v. Brown, Shipley & Co.*, 75 Ala. 442; *Talladega Ins. Co. v. Peacock*, 67 Ala. 253; *Gimmon v. Terrell*, 38 Ala. 208; *McClung v. Spotswood*, 19 Ala. 165; *The National Mechanic's Bank v. The National Bank*, 36 Md. 5; *The Cent. Penn. Telephone & Supply Co. v. Thompson*, 112 Penn. St. Rep. 118.

While the orderly and better practice is to first introduce proof of the agency, or of facts from which the agency may be inferred, the court is not without discretion in that matter, and may admit the proof in the inverse order to that above stated, and retain or exclude the testimony as to the acts and declarations of the alleged agent, according to the fact whether or not the subsequent proof has any tendency to establish the agency.—*The Central Penn. Telephone Co. v. Thompson*, 112 Penn. St. 118.

The correspondence between appellee and appellant, and also Stahler's deposition, tended to show the relation of

principal and agent between appellant and Vanderbilt, and that being the case, Vanderbilt's letter, both to appellee and appellant, became admissible to be passed on by the jury in connection with all the proof.—*Tenn. River Trans. Co. v. Kavanaugh Bros.* 93 Ala. 325.

We will not consider the weight or sufficiency of the evidence, as the case must, under the view a majority of the court takes of the law, go back to the Circuit Court for another trial; and without considering the testimony further, on the question of agency, we proceed to discuss the question of the measure of damages, raised by the charge of the court, and also by the motion for a new trial on the ground of the insufficiency of the evidence to support the verdict.

The two cardinal principles which govern in actions for damages for the breach of contracts are, first, that actual compensation will only be given for actual loss; and, second, that the contract itself furnishes the measure of damages. This last rule, however, does not always mean that the measure of damages on breach of the contract is the price stipulated therein on full performance, but in many cases it is held to mean the actual injury sustained in consequence of the defendant's default. The rule as generally stated in actions for the recovery of damages for the failure to deliver goods, where the price has not been paid, is that the plaintiff is entitled to recover the difference between the agreed price and the market value of the goods at the time and place of delivery with interest.—*Bell v. Reynolds*, 78 Ala. 511. And in its charge to the jury the court below instructed them, that if the plaintiff was entitled to recover in this action, the measure of his damages would be as stated in the general rule above laid down, except that the charge did not include interest. To the giving of this charge the defendant excepted, and his exception is based on the ground that the contract binds plaintiff to pay the freight charges on the potatoes from Philadelphia to Eufaula, the stipulation in the contract being that the potatoes should be shipped free on board the cars at Philadelphia.

This charge would unquestionably be erroneous, had there been any proof on the trial showing the cost of transportation from Philadelphia to Eufaula.—*Echols v. L. & N. R. R. Co.*, 90 Ala. 366; *L. & N. R. R. Co. v. Gilmer*, 89 Ala. 534; *Johnson v. Allen*, 78 Ala. 387. But the fact is, there was no proof whatever on this subject. In the absence of such proof, it is a question not free from difficulty whether the charge, as applied to the evidence in the case, is objectionable.

Did the plaintiff, on making proof, as he did, of the dif-

[Buist v. Guice.]

ference between the contract price and the market value of
the potatoes at the time and place of delivery, brings his
case within the general rule as to the measure of damages,
and thereby establish a *prima facie* case, and cast on the
defendant the burthen of showing as matter of defense what
the freight charges would have been, and which defendant
claims should go to the reduction of plaintiff's damages; or
was it incumbent on plaintiff to make out by his proof the
precise damages he had sustained by defendant's breach of
the contract?

It might be suggested with much force that, in the absence
of all proof on that subject, it is possible that plaintiff would
not have been compelled to pay any freight charges what-
ever on the potatoes from Philadelphia to Eufaula, notwith-
standing he bought the potatoes free on board the cars at Phila-
delphia. What his shipping arrangements with the railroad
companies may have been, or what charges, if any, he would
have been required to pay on this shipment, the jury could
not know from the testimony; and if the charge is held
erroneous, because plaintiff failed to prove what he would
have had to pay as the cost of transportation, might it not
be the assumption of a fact which would never have had an
existence? If anything is to be presumed, is it not a more
reasonable presumption (and in favor of the correctness of
the ruling of the court below), that the price shown by the
testimony to have been the market value of the potatoes at
Eufaula was their value at that place, *after allowing for the
cost of transportation?* Assuming, by way of illustration,
that it be a fact that plaintiff would not have been required
to pay freight charges on said shipment, would it have been
incumbent on him to prove such negative before being allowed
to recover on his proof of the difference between the con-
tract price and the market value at the time and place of
delivery?

Without pursuing the argument further, the writer con-
fesses to doubt on the question; but the other members of
the court are clear that it was part of plaintiff's case to
prove what such freight charges would have been, and thus
to show the actual damage he sustained by defendant's
failure to deliver the potatoes; and there are strong reasons
for that conclusion.

In the case of *Rose's Exs. v. Bozeman*, 41 Ala. 678, it was
said by this court: "The plaintiff is limited to a just com-
pensation for his actual loss—is entitled to an indemnity,
and nothing more; and, consequently, is never to be placed
in a better situation than that in which he would have been

had the contract been fulfilled;" which is but the statement in another form of the first cardinal principle herein above set forth. The court, proceeding in the same case, says: "And, furthermore, the compensation to which he is entitled is to be awarded as damages according to established rules, and its amount is a question of law, not governed by any arbitrary assessment, nor, on the other hand, left to the fluctuating discretion of either judge or jury."

Looking to the contract between the parties, which, according to the second cardinal principle above stated, must furnish the measure of damages, it appears that the place of delivery was "free on board the cars at Philadelphia," to be shipped to Eufaula; that being the place with reference to which the sale was made, the goods having been sold by defendant to plaintiff for sale by him at Eufaula. Under these facts, the damage plaintiff sustained was the difference between the contract price and the market value of the potatoes in Eufaula at the time of delivery, less the expense of transportation from Philadelphia to the latter place; and the plaintiff could not make out his entire case, without proving both the market value at Eufaula and the cost of transportation. It was as much incumbent on him to prove one as the other, because it was only by the ascertainment of both that his actual damage could be determined.—*Hood v. Ditson*, 90 Ala. 377; *Wilson v. Martin*, 90 Ala. 518.

Under the facts of this case, the transportation expenses to be deducted from the market value of the potatoes do not constitute independent matter of defense, but they arise from the terms of the contract itself, and are made by the contract an indispensable element in the measure of plaintiff's recovery. In the absence of such proof, there were no sufficient *data* from which the jury could ascertain the actual damages sustained by plaintiff from defendant's breach of the contract. Such actual damage could only be estimated on proof of the contract price of the potatoes, their market value at Eufaula at the time fixed by the contract for their delivery, and the cost of transportation on the cars from Philadelphia to Eufaula. And the true measure of such damage would then be the difference between the contract price and the market value at Eufaula, at the time of delivery, less such cost of transportation.

Under the view of the law adopted by a majority of the court, the Circuit Court erred in the charge given, and also in denying appellant's motion for a new trial; and its judgment is accordingly reversed, and the cause remanded.

Reversed and remanded.