# Cofer *v.* Scroggins.

### Contest of Claim of Homestead Exemption.

1. *General objection to evidence.*—A general objection to evidence, a part of which is legal, an another part illegal, may be overruled.

2. *Questions as to character of improvements; relevant evidence.*—In a contest of the claim to a homestead exemption, questions asked of the claimant as to the character of the improvements on the land in controversy, are proper as tending to show the value of the property.

3. *Answer a collective fact, not conclusion of witness.*—The answer of a witness to the question, whether improvements had been made?: "yes, a right smart improvements have been made in clearing and fencing," was properly allowable, as an inference necessarily involving facts as to quantity of land cleared and fenced—a collective fact—subject to the right of cross-examination by opposing counsel.

4. *Copy of claim of exemptions certified, relevant evidence.*—A properly certified copy of the claim of exemptions filed in the probate judge's office is relevant evidence in support of claimant's claim.

5. *Legal effect of adoption of child.*—Though adoption, by operation of the statute, § 2367 of Code, does not establish all the legal consequences and incidents of the natural relation of parent and child, the adoptive parent thereby assumes the duties of a natural parent and becomes entitled to the custody, services and earnings of the adopted child.

6. *Adopted child entitled to homestead exemption.*—The homestead exemption is one in favor of the family, and is founded in the spirit of humanity and benevolence, and the statutes on the subject are to be liberally construed; and, so construing them, we hold that an adopted child, as a natural one, is entitled, during minority, to this claim of exemption.

7. § 2507 and § 2537 construed in *pari materia.*—Right to exemption only during the minority of adopted child.


APPEAL from Cullman Circuit Court.

Tried before the Hon. H. C. SPEAKE.

This action was begun by an attachment sued out by W. T. L. Cofer against Robert Jones, and levied on the land in controversy. Mary J. Scroggins, defendant's adopted daugh-

[Cofer v. Scroggins.]

ter, filed a declaration of claim of exemption, and in the contest of exemption proceedings had judgment, and plaintiff appeals.

· The evidence on the part of the plaintiff tended to show that on December 3, 1888, the plaintiff, W. T. L. Cofer, sued out an attachment against one Robert Jones on a debt contracted after April, 1873, and the same was levied by the sheriff of Cullman county, Ala., upon the N. 1-2 of the S. W. 1-4 of section 14, township 10, range 2 W., in said county and State; and that at the July term, 1891, of the Circuit Court the plaintiff recovered a judgment against said Jones for the sum of $103.24; that said Jones was the owner of the said above described land, and occupied and used the same up to January or February, 1886, when he left the land and State. The defendant being introduced as a witness in her own behalf, testified that she was the adopted daughter of Robert Jones; that she was 22 years old in February, 1892, was married, and was living with her husband; that said Robert Jones was in possession of the land involved in this suit, exercising acts of ownership over the same, and owned the same up to the time he left Cullman county, in the early part of 1886; that when he left the State he left his wife, who has since died, and the defendant herself is now residing upon the land above described, and has resided upon the same continuously since the said Jones left in 1886. The defendant further testified that she was the Mary Jane Stephenson who was adopted by Robert Jones in 1882; that she afterwards married one Scroggins; that she lived with the said Jones on the land involved in this suit from the time he adopted her up to the time he left in 1886, and that the land was the homestead of Jones, and was occupied as such, and was the only land he owned; that her husband has made considerable improvements on the land; that on the day she filed her claim of exemption in the Probate Court of Cullman county she was a resident of the State of Alabama, and intended to remain a resident of said State; and that the land in contest did not exceed $2,000 in value at the time said claim of exemption was filed nor at the time of the filing of the contest, nor at the time of the trial. During the examination of this witness she was asked by her counsel the following question: "State whether or not you were a resident of this county and State, and whether you intended to remain so in December, 1888." The plaintiff objected to this question, and duly excepted, and the court overruled his objection. The defendant answered that she was, and intended to remain so. She was then asked by her counsel

[Cofer v. Scroggins.]

the following questions, and the plaintiff separately excepted
to the asking of each of them, and to the court's allowing
the defendant to answer the same: "What were the im-
provements on the land in 1886, when Robert Jones left, and
what were their condition? "State whether or not any other
improvements have been made on the land since Jones left,
by you or for you?" On cross-examination of this witness
the plaintiff asked her the following questions: "Was his
[Robert Jones] wife on good terms with him when he left?"
and "Did his [Robert Jones] wife go with him?" The court
sustained the defendant's objections to each of these ques-
tions, and the plaintiff separately excepted. The defendant
next introduced in evidence a certified copy of the record of
the claim of exemptions. The plaintiff objected to the in-
troduction of the said record, on the ground that the plain-
tiff's claim to exemption was the best of evidence. The
court overruled the objection, and the plaintiff excepted.
The defendant introduced in evidence a certified transcript
of the minute entry of the Probate Court of Cullman county,
in which said Robert Jones adopted her, Mary Stephenson.
Plaintiff objected to the introduction of this paper in writ-
ing, and duly excepted to the court overruling his objection.
Upon the introduction of all the evidence the court made
the following remark to the defendant's counsel: "If you
ask the general charge in writing, I will give it." The plain-
tiff duly excepted to this remark, and also excepted to the
court's giving the general affirmative charge at the request
of defendant.

J. W. AUSTIN, and W. T. L. COFER, for appellant.

The policy of the exemption laws of this State is to exempt
property in favor of widow and minor children during life
of widow, or minority of children.—*Norton v. Norton*, 94
Ala. 485; *Murphy v. Hunt, Miller & Co.*, 75 Ala. 438.

The claim of exemption of Mary J. Scroggins in this case
is founded upon section 2537 of the Code. This statute
does not embrace *adopted* children, as the evidence shows
she was, but if it does, she could have no benefit of her ex-
emptions after she became of age.—Code, 2537, 563; *Norton
v. Norton*, 94 Ala. 485; *Davenport v. Brooks*, 92 Ala. 630;
*Englehart v. Young's Heirs*, 76 Ala. 542.

GEO. H. PARKER, for appellee. (No brief).

HARALSON, J.—1. The question propounded to the
defendant, on her examination as a witness,—"State whether

or not you were a resident of this county and State, and whether you intended to remain so, in December, 1888?—contains two inquiries, either of which might have been differently answered. The first,—whether she was a resident of this State,—is a collective fact, (*Pollock v. Gantt*, 69 Ala. 373; *Hood v. Disston*, 90 Ala. 379), and was legal and pertinent, as only residents are entitled to exemptions; the second, calling for her intentions was not.—*Sternau v. Marx*, 58 Ala. 608; *Wilson v. State*, 73 Ala. 527. But, it is a familiar rule, that where there is a general objection to evidence, as in this instance, a part of which is legal and another part illegal, it may be overruled.—*R. & D. R. R. Co. v. Jones*, 92 Ala. 225.

2. The questions allowed to be asked defendant, and excepted to by plaintiff,—"What were the improvements on said land in 1886, when Robert Jones left, and what were their condition, and whether any improvements have been made on the land since Jones left, by you, or for you?"—were not improper, since answers to them might tend to show the value of the property, an important inquiry, in one phase of the case. The answer to the last question,—"A right smart improvements have been made in clearing and fencing;"—was a mere conclusion of facts, an inference necessarily involving facts as to the quantity of land cleared and fenced, which, as a collective fact, was properly allowable, subject to the cross-examination of the plaintiff, if he desired the matter stated more explicitly, or in detail.—*S. & N. A. R. R. Co. v. McLendon*, 63 Ala. 276; *Hood v. Disston*, 90 Ala. 379.

Besides, a sufficient answer to all these exceptions is, that if immaterial, they could not have influenced a jury in any way, since the court gave the general charge for the defendant, thereby withdrawing from the jury all consideration of the facts, except as to their belief of them, there being no conflict in the evidence.—1 Gr. Ev. § 52.

3. There was no error in refusing to allow plaintiff to ask defendant, on her cross-examination,—"If Jones' wife was on good terms with him, when he left, and, if she went with him?" Answer to the question was irrelevant to the principal fact or matter in dispute.

4. The declaration of claim of exemption, made and filed in the office of the judge of probate of Cullman county, in this State, was made and recorded in accordance with the statutes on the subject, and was relevant, since the statute makes it, thereafter, *prima facie* correct, and operative as notice of its contents.—Code, §§ 2515-2517, 2507 and 2537.

The statute makes the certified copy of such proceedings,

[Cofer v. Scroggins.]

(and these were properly certified), have the same effect as if the originals were produced and proved. But, in addition to the certified transcript, the defendant introduced, proved and read the original minute entries of this proceeding from the record book of the Probate Court, to which the plaintiff also objected. But, these objections were properly overruled, since either was sufficient.—Code, § 2488; *Stephenson v. Moody*, 85 Ala. 35.

5. A transcript of the proceedings in the Probate Court of Cullman county, duly certified, by which defendant claimed to have been adopted as the child of Robert Jones, was offered and read in evidence, against the objection of the plaintiff. The proceedings were in close and satisfactory compliance with the statutory mode for the adoption of a child.—Code, § 2367; *Abney v. DeLoach*, 84 Ala. 393. The defendant also proved and read in evidence the original minute entry of said proceeding, from the record book from the Probate Court of said county. The transcript of the entry, or the original entry itself, was admissible.—Authorities *supra*.

6. The act of adoption of a child, has been defined to be, "One by which a person takes the child of another into his family and treats it as his own."—1 Amer. & Eng. Encyc. of Law, 204; "To receive or treat as a son or daughter, one who is the child of another."—Worcester's Dic.; "To take into one's family as a son or heir; to take and treat as a child, giving a title to the privileges and rights of a child."—Web. Dic.; *Tilley v. Harrison*, 91 Ala. 295; *Russell v. Russell*, 84 Ala. 48.

Our statute on the subject is: "Any person desirous to adopt a child so as to make it capable of inheriting his estate, real and personal, or to change the name of one previously adopted, may make a declaration in writing attested by two witnesses,  *  *  * which being acknowledged by the declarant before the judge of probate of the county of his residence,  *  * has the effect to make such child capable of inheriting such estate of the declarant, and of changing its name to the one in the declaration."

The primary object of the statute would seem to be, to allow any person to adopt the child of another and make it capable of inheriting his estate, if he should die intestate, or to change the name of one previously adopted. But, a liberal intendment and operation should be given to the statute. Accordingly, we held on this subject, in another connection, that, "Though adoption may not, by operation of the statute, originate and establish all the legal consequences and inci-

[Cofer v. Scroggins.]

dents of the natural relation of parent and child, when the adoptive father declares his own name, as the name by which he wishes the child to be thereafter known, and takes it into his family to be treated as a child, he assumes the duties of a natural parent, and is entitled to its custody and services, or earnings as against all persons, unless it may be, the true parents, when they have not consented to the adoption."—*Tilley v. Harrison,* 91 Ala. 297. And so, our homestead exemption, deemed so important as to be made the subject of constitutional and legislative provision, is one in favor of the family, is founded in a spirit of humanity and benevolence, and the statutes on the subject, like the one providing for the adoption of a minor, are to be liberally construed.—3 Brick. Dig., 490, § 2; Thompson on Homestead, §§ 47, 131. Applying such construction to our homestead and exemption laws, we hold, that an adopted child, as a natural one, is entitled, during minority, to this claim of exemption.

7. The judgment in this case is one of exemption to the defendant, "so long as said Mary J. Scroggins remains a *bona fide* resident of the State of Alabama," etc. The statute, Code, § 2507, and the Constitution, Art. 10, § 33, limit the exemption as to children during their minority. The judgment entry, no doubt, followed § 2537 of the Code, —making provision for exemption in favor of children, when the father absconds or abandons his family, as was the case here,—which provides, that "such exemptions shall continue only so long as the wife and minor child or children, or either, shall remain *bona fide* residents of this State." But, this section must be construed *in pari materia* with said § 2507, and said Article of the Constitution, and clearly means that the exemption is to be enjoyed by the children, during minority only, if they remain *bona fide* residents for that length of time.—*Marx v. Miller,* 55 Ala. 322; *Hunter v. Law,* 68 Ala. 365; *Barber v. Williams,* 74 Ala. 333; *Norton v. Norton,* 94 Ala. 481. The judgment will be, here, so corrected, and as corrected, affirmed.

Affirmed.